# EXHIBIT
# E

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ERICA GARCIA and COSME BARELA,
        Plaintiffs,

v.                                  No. D-202-CV-2017-02810

GEICO INDEMNITY COMPANY,
        Defendant.
_____

### DEFENDANT GEICO INDEMNITY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES
_____

COMES NOW, Defendant GEICO Indemnity Company (hereafter, "GEICO"), by and through its attorneys, Resnick & Louis, PC (John A. Frase for the contractual claims) and Perry Law, PC (Meloney Perry and Stacy Thompson for the extra-contractual claims), and hereby files its Answer to Plaintiffs' Complaint for Declaratory Judgment and Damages, (the "Complaint").

### GEICO'S DENIAL

The Complaint fails to state a claim upon which relief can be granted.

### GEICO'S ADMISSIONS AND DENIALS

### JURISDICTION AND VENUE

1.      Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 1 regarding where Plaintiffs Erica Garcia and Cosme Barela ("Plaintiffs") reside.

2.      Defendant GEICO admits that it is a foreign corporation doing business in New Mexico.

3.      Defendant GEICO admits that April Barela is the named insured under a New Mexico Family Automobile Insurance Policy issued by GEICO Indemnity Company, Policy No. 4344-18-64-59. Carmel D. Barela is listed as an additional driver. The policy speaks for itself.

4.      Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 4.

5.      Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 5.

## FACTS

6.      Defendant GEICO admits the police report states the accident that forms the basis of this lawsuit took place on November 26, 2015 in Bernalillo County, New Mexico. The report speaks for itself.

7.      Defendant GEICO admits the police report states the accident that forms the basis of this lawsuit took place on November 26, 2015 in Bernalillo County, New Mexico. The report speaks for itself.

8.      Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 8.

9.      Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 9.

10.     The allegations contained in Paragraph 10 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

11.     Defendant GEICO admits the police report states the accident that forms the basis of this lawsuit took place on November 26, 2015 in Bernalillo County, New Mexico. The report

speaks for itself. Defendant GEICO denies the remaining allegations contained in Paragraph 11.

12.    Defendant GEICO denies the allegations contained in Paragraph 12.

13.    The allegations contained in Paragraph 14 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

## COUNT I – DECLARATORY JUDGMENT

14.    Defendant GEICO incorporates and re-alleges its Answer as in the preceding Paragraphs as though fully set forth herein.

15.    The allegations contained in Paragraph 15 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

16.    The allegations contained in Paragraph 16 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

17.    The allegations contained in Paragraph 17 state a legal conclusion to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

## COUNT II – BREACH OF CONTRACT

18.    Defendant GEICO incorporates and re-alleges its Answer as in the preceding Paragraphs as though fully set forth herein.

19.    Defendant GEICO admits that April Barela is the named insured under a New Mexico Family Automobile Insurance Policy issued by GEICO Indemnity Company, Policy No. 4344-18-64-59. Carmel D. Barela is listed as an additional driver. The policy speaks for itself.

20.     Defendant GEICO denies the allegations contained in Paragraph 20.

21.     Defendant GEICO denies the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

## DAMAGES

23.     Defendant GEICO incorporates and re-alleges its Answer as in the preceding Paragraphs as though fully set forth herein.

24.     The allegations contained in Paragraph 24 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

25.     The allegations contained in Paragraph 25 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

26.     The allegations contained in Paragraph 26 state legal conclusions to which no response is required.  To the extent that the allegations can be construed against GEICO, they are denied.

In response to the unnumbered paragraph under Paragraph 26 beginning with the word "WHEREFORE", this is a prayer for relief to which no response is required. If and to the extent a response is deemed to be required, any and all allegations in the paragraph are denied, and it is denied that Plaintiffs are entitled to any relief sought by this paragraph.

## GEICO'S AFFIRMATIVE DEFENSES

1.      As a separate, further, affirmative defense, Defendant GEICO states that Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      As a separate, further, affirmative defense, Defendant GEICO states that the negligence and/or fault of all parties and non-parties must be compared and any recovery by Plaintiffs against Defendant GEICO be limited to the negligence and/or fault, if any, of the tortfeasor.

3.      As a separate, further, affirmative defense, Defendant GEICO states that Plaintiffs have failed to mitigate their damages, said defense being raised at this time to prevent waiver.

4.      As a separate, further, affirmative defense, Defendant GEICO states that any claim for punitive damages under the circumstances violates its Constitutional Rights under the New Mexico and Federal Constitutions.

5.      As a separate, further, affirmative defense, Defendant GEICO states that Plaintiffs' claims against GEICO are reduced, in whole or in part, under the doctrine of comparative fault.

6.      As a separate, further, affirmative defense, Defendant GEICO states that Plaintiffs' benefits under the policy of insurance are subject to Plaintiffs' presentation of documentation to support each element of their claims for which they assert they are legally entitled to recover.

7.      As a separate, further, affirmative defense, Defendant GEICO states that Plaintiffs' claims for bad faith may be barred in whole or in part by the comparative fault doctrine or the bad faith of Plaintiffs or their agents.

8.      As a separate, further, affirmative defense, Defendant GEICO states that Plaintiffs' claims for bad faith and extra-contractual benefits fails to state a claim upon which relief may be granted.

9.      As a separate, further, affirmative defense, Plaintiffs have failed to meet conditions precedent as outlined in the policy of insurance.

10.      As a separate, further, affirmative defense, Plaintiffs' damages, if any, are limited in conformance with the policy of insurance.

11.      As a separate, further, affirmative defense, Defendant GEICO states that it has fully complied with New Mexico law in its evaluation and handling of Plaintiffs' Uninsured Motorists ("UM") coverage claims made in connection with the motor vehicle accident at issue on November 26, 2015. At all times material hereto, it conducted a reasonable investigation, offered a reasonable amount and had a reasonable basis for its evaluation.

12.      As a separate, further, affirmative defense, Defendant GEICO states that there was an honest dispute in value of Plaintiffs' claim and GEICO is entitled to contest the amount claimed by Plaintiffs.

13.      As a separate, further, affirmative defense, Defendant GEICO asserts the doctrines of accord and satisfaction and release.

14.      As a separate, further, affirmative defense, Defendant GEICO is entitled to its attorneys' fees and costs.

15.      GEICO does not know which, if any, defenses in addition to some of those above may apply. GEICO has neither knowingly nor intentionally waived any applicable defenses. If GEICO later learns that additional defenses may apply, then GEICO will seek leave to amend its Answer to raise such other defenses.

## GEICO'S REQUEST FOR RELIEF

For these reasons, Defendant GEICO respectfully requests that the Court enter judgment as follows:

a.      That Plaintiffs take nothing by their Complaint;

b.      That this Court deny Plaintiffs' claims;

c.      That the same be dismissed or that judgment be rendered for GEICO; and

d.      For such other and further relief as the Court may deem reasonable in the premises.

### GEICO DEMANDS A TRIAL BY JURY

Respectfully submitted this 11th day of July, 2017.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry
Stacy Thompson
**PERRY LAW, PC**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
        sthompson@mperrylaw.com

**ATTORNEYS FOR GEICO INDEMNITY
COMPANY (AS TO THE EXTRA-
CONTRACTUAL CLAIMS)**

**-**and-

*/s/ John A. Frase*
John A. Frase
**RESNICK & LOUIS, PC**
3840 Masthead Street, NE
Albuquerque, New Mexico 87109
Telephone: (505) 559-4983
Facsimile: (505) 559-4983
E-mail: jfrase@rlattorneys.com

**ATTORNEYS FOR GEICO INDEMNITY
COMPANY (AS TO CONTRACTUAL
CLAIMS)**

Defendant's address:
5260 Western Avenue
Chevy Chase, Maryland 20815

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 11th day of July, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Bert Parnall
Parnall Law Firm, LLC
PO Box 8009
Albuquerque, New Mexico 87198
***Attorney for Plaintiff***

/s/ Meloney Perry
Meloney Perry

00057449.DOCX